```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DEBORAH RAE LAMB, JOHN MECCA,

                    Plaintiffs,

          -against-                        MEMORANDUM & ORDER
                                           09-CV-1389(JS)(ETB)
OFFICE OF THE GOVERNOR FOR NEW YORK,
OFFICE OF THE SUFFOLK COUNTY MUNICIPAL
POLICE DEPARTMENT, OFFICE OF THE
ATTORNEY GENERAL FOR THE NEW YORK
STATE, OFFICE OF THE UNITED STATES
ATTORNEY GENERAL,

                    Defendants.
----------------------------------X
```

APPEARANCES:
For Plaintiffs:         Deborah Rae Lamb, pro se
                        John Mecca, pro se
                        119 Whittier Drive
                        Kings Park, New York 11754

For Defendants:
Office of the Governor
for New York:           No appearance

Office of the Suffolk
County Municipal
Police Department:      Christopher M. Gatto, Esq.
                        Suffolk County Attorney's Office
                        100 Veterans Memorial Highway
                        Hauppauge, NY 11788-4311

Office of the Attorney
General for the New York
State:                  No appearance

Office of the United
States Attorney General: Diane C. Leonardo-Beckmann, Esq.
                         United States Attorneys Office
                         610 Federal Plaza
                         Central Islip, NY 11722

SEYBERT, District Judge:

        On April 3, 2009, Defendant the United States Attorney

General's Office removed this action from the Supreme Court of the State of New York. Pending before the Court is the Complaint filed by Deborah Rae Lamb ("Lamb") and John Mecca ("Mecca") (collectively, "Plaintiffs"), Plaintiffs' thirteen outstanding motions, and Defendant Suffolk County Municipal Police Department's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons below, the Court dismisses the Plaintiffs' Complaint with prejudice, and denies the remaining motions as moot.

## BACKGROUND

To the best that this Court can parse from Plaintiffs' voluminous Complaint and exhibits (totaling approximately one thousand pages) Plaintiffs believe that the Office of the Governor for New York, Office of the Suffolk County Municipal Police Department, Office of the Attorney General for the New York State

---

[1] At the time of this Order, Plaintiffs' motions include an April 7, 2009 motion for recusal; an April 7, 2009 motion to change venue; an April 7, 2009 motion "to compel the Court to issue an order regarding the codification of rules of civil procedure 81-c-2;" an April 9, 2009 motion "to compel the Court for clarification of Rules of Civil Procedure 81-c-2;" an April 9, 2009 motion for "Hardship for Earlier Hearing Date;" an April 9, 2009 motion for preliminary injunction; an April 13, 2009 motion to compel the Court to grant a jury trial; an April 13, 2009 motion for a hearing; an April 14, 2009 motion "to compel the court to grant Plaintiffs' motion opposing federal defendants for their Civil Cover Sheet specification that no jury trial is preferred through Rule 3;" an April 15, 2009 motion for discovery of modification of scheduling order; an April 17, 2009 motion for a permanent injunction order for defendants to "stop energy wave transmissions;" and a April 17, 2009 motion for default judgment.

("NYS"), and United States Government (collectively, "Defendants") have either attacked them with "near lethal levels of radio and electric energy in both their bodies where they are both experiencing the effects simultaneously wherever they are in NYS as well wherever they go across state lines" or failed to protect them from such attack by United States military officials. Compl. at 3-4. Plaintiff Mecca alleges that the Government has taken over his body, using "similar technical interest by the CIA," Compl. at 4, and "Defendant's [sic] agency heads continue to torture Plaintiffs even after the instigator of secret torture laws and secret prisons being then President Bush is gone." Compl. at 15.

Plaintiffs' twenty-nine page jurisdictional statement includes several citations to the New York State Constitution, the Ten Commandments, the Federal Constitution, a variety of United States Supreme Court cases, and several federal statutes including 28 U.S.C. § 1343, and the Truth in Lending Act. Compl. at 31 - 30.

Plaintiffs seek, inter alia, a total of 42 million dollars (22 million dollars to Lamb, 20 million dollars to Mecca), and removal of the implanted devices. Compl. at 204. Plaintiffs also seek recusal since this Court dismissed Plaintiffs' previous action, Mecca v. U.S. Government, No. 06-CV-3492, 2006 WL 2927157, *2 (E.D.N.Y. Oct. 4, 2006), aff'd. 232 Fed. Appx. 66, 2007 WL 2389754 (2d Cir. 2007).

3

## DISCUSSION

I. <u>Plaintiffs' Complaint</u>

Because Plaintiffs are proceeding <u>pro se</u>, the Court reads the Complaint liberally. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that <u>pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers."); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d. Cir. 2004) (stating that a court must liberally construe a <u>pro se</u> plaintiff's pleadings, "particularly when they allege civil rights violations."). At this stage of a proceeding, the Court must weigh the factual allegations in the complaint in favor of a plaintiff. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). However, the Court may dismiss a claim if the Court finds it is based on "indisputably meritless legal theory." <u>Id</u>.

District courts may dismiss a frivolous complaint <u>sua sponte</u> pursuant to Rule 12(b)(6) where the claims are found to be fantastic and delusional. <u>See</u> <u>Tyler v. Carter</u>, 92-CV-8658, 1993 U.S. Dist. LEXIS 15735 (S.D.N.Y. Nov. 5, 1993) (dismissing fee-paid complaint wherein plaintiff alleged that defendants, including Jimmy Carter, Bill Clinton and Ross Perot, were responsible for murdering 10 million black women and selling their bodies for meat and leather products), <u>aff'd</u> without opinion, 41 F.3d 1500 (2d Cir. 1994). "[D]istrict courts may dismiss a frivolous complaint sua

4

sponte even when the plaintiff has paid the required filing fee . . . ." Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000).

The Court has reviewed Plaintiffs' Complaint and finds that the pleadings rise to the level of irrational and incredible. Plaintiffs allege, inter alia, that they are being tortured by Defendants' agency heads who have implanted electro magnetic waves in both their bodies. Most of the allegations in the Complaint, even under the very liberal reading accorded pro se pleadings can only be described as delusional and fantastic. See Denton, 504 U.S. at 33. Accordingly, the Complaint is dismissed with prejudice. See Fitzgerald, 221 F.3d at 363 (recognizing the need to dismiss frivolous actions sua sponte "in order to preserve scarce judicial resources"); Tyler v. Carter, 151 F.R.D. at 540 ("A plaintiff asserting fantastic or delusional claims should not . . . consume limited judicial resources and put defendants to effort and expense.").[2]

## II. Plaintiffs' Request for Recusal

Plaintiffs request that this Court recuse itself from this case on the grounds that this Court previously dismissed Plaintiffs' earlier Complaint(s) with prejudice. 28 U.S.C. § 455(a) requires that any judge or magistrate judge "disqualify

---

[2] In light of the Complaint's dismissal, Plaintiffs' remaining twelve motions are DENIED as moot.

himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, a Judge must recuse himself where the "judge before whom the matter is pending has a personal bias or prejudice against [a party] or in favor of any adverse party." 28 U.S.C. § 144. Recusal motions are committed to the sound discretion of the district court. <u>United States v. Conte</u>, 99 F.3d 60, 65 (2d Cir. 1996).

The Court has considered, but will not grant, Plaintiffs' motion for recusal. Plaintiffs' contention that this Court cannot preside over their action because it has already presided over an earlier action is without merit. See <u>Kampfer v. Gokey</u>, No. 97-CV-7437, 1999 U.S. App. LEXIS 2778, at*2 (2d Cir. Feb. 24, 1999) ("The fact that a judge is familiar with a litigant, or has formed an opinion of that litigant, is not grounds for recusal if it stems from the performance of his or her judicial duties.") (citing <u>Liteky v. United States</u>, 510 U.S. 540, 551, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). Accordingly, Plaintiffs' motion for recusal is DENIED.

III. <u>Warning of Injunction Against New Actions Filed by the Plaintiffs</u>

When "a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." <u>Hong Mai Sa v. Doe</u>, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted).

Here, Plaintiffs have filed at least five separate pro se complaints in the United States District Court for the Eastern District of New York, seeking relief from the federal government relating to electro magnetic waves.[3] In the present action, Plaintiffs filed twelve motions in the span of ten days.

Throughout this litigation, the Court has been especially cognizant of Plaintiffs' pro se status, and it has considered the submissions in as positive light as possible. In short, Plaintiffs have been given their due and every conceivable benefit of the doubt. However, the Court has repeatedly found that Plaintiffs' Complaints are frivolous. Plaintiffs are cautioned that since their repeated filings relate to similar facts and issues, some of which have already been found to have been frivolous, further filings of any complaint based upon the same facts and issues relating to the alleged implantation of electro magnetic devices may result in the issuance of an order prohibiting Plaintiffs from filing any future lawsuits in this Court without first obtaining leave of the Court. In addition, the Court may direct the Clerk of Court to return to Plaintiffs, without filing, any such action that

---

[3] Plaintiffs' Complaints include: Mecca v. Suffolk County Police, No. 01-CV-04506 (E.D.N.Y. filed July 6, 2001); Lamb v. United States of America, et al., No. 04-CV-04964 (E.D.N.Y. filed Nov. 16, 2004); Mecca v. U.S. Government, No. 06-CV-3492, 2006 WL 2927157, *2 (E.D.N.Y. Oct. 4, 2006), aff'd. 232 Fed. Appx. 66, 2007 WL 2389754 (2d Cir. 2007); Lamb v. United States of America, No. 07-CV-3704 (E.D.N.Y. filed Sept. 4, 2007); Mecca v. United States of America, No. 07-CV-03705 (E.D.N.Y. filed Sept. 4, 2007).

is received without a clear application seeking leave to file, and the Court may invite an application to dismiss the case with prejudice. See, e.g., More v. Monex, Inc., No. 04-CV-3214, 2008 WL 199460 (E.D.N.Y. Jan. 22, 2008).

## CONCLUSION

For the reasons stated above, the Court DISMISSES Plaintiffs' Complaint with prejudice, DENIES Plaintiffs' recusal motion, and DISMISSES Plaintiffs' remaining motions as moot. The Clerk of Court is directed to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       May  22  , 2009

8